IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY GERUSCHAT, et al., | ) ) ) |
| Appellants, | ) ) |
| v. | ) Civil Action No. 05-1527 ) |
| ERNST & YOUNG LLP and CHARLES MODISPACHER, | ) ) ) ) |
| Appellees. | ) |

MEMORANDUM ORDER

The parties are familiar with the general background of this case and it need not be detailed here. We need only note that appellants, Mary Geruschat, and a class of similarly situated individuals, were unsecured creditors in bankruptcy case In re Earned Capital, Inc., No. 86-21474 (Bank. W.D. Pa.). Plaintiffs had all purchased fractional ownership interests in a real estate development in Butler County in the 1980's. The development group, and related entities, filed for bankruptcy protection after it was discovered that the development had been purposefully oversold.

In 2004 plaintiffs commenced this professional negligence suit in state court against the accountants appointed by the bankruptcy court. These accountants provided services to the Debtors during the bankruptcy case regarding valuation of the real estate in which plaintiffs held ownership interests. Based on the information provided by the accountants, the bankruptcy

court found the Debtors to be insolvent and transferred ownership of the Butler County real estate to plaintiffs. Plaintiffs claim that, reasonably relying on the accountants' conclusion regarding insolvency, they quickly sold off the real estate at a substantial loss. Now, plaintiffs claim that the accountants falsified numbers during the bankruptcy case and that the real estate actually had substantial value at the time they sold it.

Plaintiffs have filed this appeal from a September 2, 2005 order of the Bankruptcy Court that disposed of three motions: (1) plaintiff' motion to remand; (2) plaintiffs' motion to strike notice of removal; and (3) defendants' motion to dismiss. The bankruptcy court denied plaintiffs' motions and granted defendants' motion, thus asserting jurisdiction over the matter and dismissing it in its entirety. Plaintiffs claim that the bankruptcy court committed numerous errors in making such rulings.

A bankruptcy court's conclusions of law are reviewed de novo. Its findings of fact are reviewed under a clearly erroneous standard. Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98 (3d Cir. 1981); Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635 (3d Cir. 1991). A bankruptcy court's decisions regarding reopening a bankruptcy case, exercising abstention, and applying offensive non-mutual collateral estoppel are all discretionary and are reviewed under

the abuse of discretion standard. Donaldson v. Bernstein, 104 F.3d 547, 551 (3d Cir. 1997); Fonner v. Overdorf, 262 B.R. 350, 355 (Bankr. W.D. Pa. 2001); In re Pan Am. Corp., 950 F.2d 839, 844 (2d Cir. 1991); In re Reynoso, 315 B.R. 544, 550-51 (B.A.P. 9th Cir. 2004); Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 331 (1979); In re Sweeney, 275 B.R. 730, 736 n.1 (Bankr. W.D. Pa. 2002).

Under these standards, after a careful review of each of appellant's contentions, appellee's responses, and the bankruptcy court's reasoning, we affirm the bankruptcy court's order. In particular, we find that removal to the bankruptcy court, rather than the district court, was proper. Furthermore, we conclude that the bankruptcy court did not abuse its discretion in finding that the underlying bankruptcy case either could be considered still open, or could be opened sua sponte. Nor did the bankruptcy court abuse its discretion in weighing the relevant factors and declining to abstain from hearing this case.

We have reviewed the bankruptcy court's legal conclusions regarding its jurisdiction de novo. We agree that plaintiffs' state court action arises in bankruptcy and that it is a core matter. Plaintiffs' claims of professional negligence were based on services provided during the bankruptcy, under the supervision of, and subject to the approval of, the bankruptcy court. As such, they implicate the integrity of the bankruptcy process.

The state court action challenges the accountants' conclusion that the Debtor was insolvent, a conclusion endorsed by the bankruptcy court in its confirmation order. For these same reasons, the state court action has a "close nexus" to the bankruptcy proceedings.

Finally, we affirm the bankruptcy court's factual and legal analysis of the issues raised in defendants' motion to dismiss. Indeed, plaintiffs' action is a derivative suit. With no demand having been made on the successor entity's board of directors, it was appropriate to dismiss the claims on that basis alone. However, we also have reviewed the bankruptcy court's analysis of the res judicata, collateral estoppel, and offensive collateral estoppel issues and agree with the bankruptcy court's conclusions on these matters as well.

Although we need not reach defendants' alternative grounds for dismissal in affirming the bankruptcy court, we note that defendants' argument on the statute of limitations defense has particular merit. Plaintiffs claim that they did not discover their injury until Mr. Modispacher allegedly testified at a 2003 state court trial that he falsified numbers in the bankruptcy case. This position is without merit. The availability of sworn testimony is not required before a litigant can be charged with reasonable knowledge of an injury under the discovery rule. The bankruptcy court gave plaintiffs sole possession and ownership

4

of the real estate in question in 1987. At that time, the accountants had determined that the Debtors were insolvent. Plaintiffs now claim that the accountants' conclusion was fraudulent, and that the land actually had significant value.

Plaintiffs were in the best position to independently assess the value of the property, and, acting reasonably, should have done so prior to their alleged below-market sale of the asset. Had they done so, they would have discovered their alleged injury at that time. Instead, they chose to rely solely on the Debtor's accountants in deciding that the land was worthless and it was best to quickly sell it off. Plaintiffs cannot claim the benefit of the discovery rule tolling the statute of limitations for nearly twenty years when they failed to act reasonably to discovery their injury.

Accordingly, this 14th day of July, 2006, IT IS HEREBY ORDERED that the order of the Bankruptcy Court is affirmed. The September 2, 2005 Order of Bankruptcy Judge Bentz, is adopted as the opinion of the court.

BY THE COURT:

_____, J.

cc:    The Honorable Judge Bentz

       All Counsel of Record